**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ZAPPOS.COM, INC., CUSTOMER DATA SECURITY BREACH LITIGATION, _____ THERESA STEVENS; et al., Plaintiffs-Appellants, v. ZAPPOS.COM., INC., Defendant-Appellee. | No.   16-16860 D.C. No. 3:12-cv-00325-RCJ-VPC MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted December 5, 2017
San Francisco, California

Before:  OWENS and FRIEDLAND, Circuit Judges, and BUCKLO,[**] District
Judge.

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Elaine E. Bucklo, United States District Judge for the
Northern District of Illinois, sitting by designation.

Plaintiffs appeal the district court's order denying their motion to enforce a purported settlement agreement. We affirm because the parties did not have a meeting of the minds on all essential terms of the agreement.[1]

"[A] settlement agreement is a contract" under Nevada law, and "its construction and enforcement are governed by principles of contract law." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). To form a contract, the parties must have a meeting of the minds, which "exists when the parties have agreed upon the contract's essential terms." *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 255 (Nev. 2012). "Which terms are essential 'depends on the agreement and its context and also on the subsequent conduct of the parties . . . .'" *Id.* (quoting Restatement (Second) of Contracts § 131 cmt. g (Am. Law Inst. 1981)). A district court's factual findings regarding contract formation are reviewed for clear error, and its legal conclusion about enforceability is reviewed de novo. *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1211 (9th Cir. 2016).

The district court did not clearly err in finding that the fees, costs, and incentive award caps were material terms in the parties' negotiations here. There

---

[1] We address the parties' Article III standing dispute in a concurrently filed opinion. Although the opinion provides a narrowed definition of "Plaintiffs" for use therein, the term "Plaintiffs" here refers to all the named plaintiffs in these consolidated actions.

2

is no evidence that Zappos shared the view of Plaintiffs' counsel that the parties would reserve negotiation of fees, costs, and incentive awards until after the parties reached a binding agreement on the terms of classwide relief. It is not relevant to the enforceability of the agreement between the parties that Plaintiffs' fees request would not have bound the district court. *See* 28 U.S.C. § 1712 (2012). And the district court did not clearly err in finding that the absence of a signed agreement indicated that Zappos had not assented to the draft MOU. In light of these factual findings, the district court did not err in concluding as a matter of law that the draft memorandum of understanding was not an enforceable contract.

The district court's conclusion that the purported settlement agreement was unenforceable is therefore **AFFIRMED**. Each party shall bear its own costs on appeal.